# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

MONTAE JUWAN CHISHOLM, )
)
    Plaintiff, )
)
v. ) CV419-070
)
MEG HEAP, JOHN T. )
WILCHER, *Sheriff*, )
)
    Defendants. )

## **ORDER AND REPORT AND RECOMMENDATION**

Proceeding *pro se* and *in forma pauperis*, Montae Juwan Chisholm brings this 42 U.S.C. § 1983 action against the District Attorney involved with his state prosecution, where Chisholm is proceeding *pro se*, and the Sheriff in charge of the jail where he is detained pending trial. Doc. 1; *see State v. Chisholm*, SPCR18-00137 (Chatham Super. Ct.) (felony aggravated assault and misdemeanor battery); *State v. Chisholm*, SPCR18-01351 (Chatham Super. Ct.) (felony failure to register as a sex offender). The Court granted his request to pursue his case *in forma pauperis* (IFP), doc. 4, and he returned the necessary forms. Docs. 5 & 6. The Court now screens the Complaint pursuant to 28 U.S.C. § 1915A,

which requires the immediate dismissal of any *pro se* complaint that fails to state at least one actionable claim.[1]

Chisholm alleges that he was arrested pursuant to a defective warrant on November 17, 2017. The warrant itself allegedly bore the date December 20, 2017, which, obviously, was erroneous. Chisholm seeks compensatory and punitive damages for his false imprisonment, and "an order protecting [him] from inappropriate retaliation." Doc. 1 at 5-6. His state prosecution, meanwhile, remains pending. *See Chisholm*, SPCR18-00137 & *Chisholm*, SPCR18-01351.

Chisholm waves at claims for false arrest or malicious prosecution. A claim for false arrest derives from the constitutional right to be free from "unreasonable searches and seizures." U.S. CONST. AMEND. IV. A warrantless arrest made without probable cause violates the Fourth Amendment and forms the basis of a § 1983 claim for damages. *Ortega v. Christian*, 85 F.3d 1521, 1525 (11th Cir. 1996); *Max v. Gumbinner*, 905

---

[1] Because the Court applies Fed. R. Civ. P. 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), allegations in the Complaint are taken as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal).

F.2d 1503, 1505 (11th Cir. 1990); *Von Stein v. Bresher*, 904 F.2d. 572, 578 (11th Cir. 1990). In a case of continuing detention (as here), however, "false imprisonment ends once the victim becomes held pursuant to [legal] process — when, for example, he is bound over by a magistrate or arraigned on charges." *Wallace v. Kato*, 549 U.S. 384, 389-90 (2009); *see Chisholm*, SPCR18-00137 & *Chisholm*, SPCR18-01351.

Once an arrestee's unlawful detention becomes a product of legal process, his continued custody may still be unlawful, but any damages suffered after that point must be recovered under the "entirely distinct" tort of malicious prosecution, "which remedies detention accompanied not by the absence of legal process, but by *wrongful institution* of legal process." *Id*. at 390. In other words, the torts of malicious prosecution and false imprisonment are distinct, and the former supplants the latter after legal process is initiated.

The Eleventh Circuit "has identified malicious prosecution as a violation of the Fourth Amendment and a viable constitutional tort cognizable under § 1983." *Wood v. Kesler*, 323 F.3d 872, 881 (11th Cir. 2003). An essential element of a malicious prosecution claim, however, is the termination of the criminal prosecution in the plaintiff's favor. *Id*. at

882. In the case at bar, there is no allegation that the Chatham County criminal cases have been resolved in Chisholm's favor. *See* doc. 1; *Chisholm*, SPCR18-00137 & *Chisholm*, SPCR18-01351 (both cases "open" with "trial docket call" set for June 10, 2019 before Judge John Morse, Jr.). Accordingly, plaintiff does not state a claim for malicious prosecution and any such claim against any of the named defendants should be **DISMISSED**.[2]

Even if he had pled (or could plead) favorable termination, District Attorney Meg Heap is absolutely immune from § 1983 liability where her alleged malfeasance stemmed entirely from her "function as advocate." *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999) ("[A]bsolute immunity extends to a prosecutor's 'acts undertaken . . . in preparing for

---

[2] Indeed, to the extent that his allegations implicate the validity of his continued detention and he seeks immediate or speedier release, § 1983 affords plaintiff no remedy: "[A] prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement. . . . He must seek federal habeas corpus relief (or appropriate state relief) instead." *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quotes and cites omitted); *Heck*, 512 U.S. at 481 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983."). And before he can bring a federal habeas action, he must first exhaust his available state remedies through either a direct appeal or another petition for state collateral relief. *Wilkinson*, 544 U.S. at 79 (federal "habeas corpus actions require a petitioner fully to exhaust state remedies, which § 1983 does not"); 28 U.S.C. §§ 2254(b), (c).

the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State. . . .'"); *see Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Jackson v. Capraun*, 534 F. App'x 854, 859 (11th Cir. 2013) (prosecutor entitled to absolute immunity for initiating prosecution even if he did so with malicious intent).

The false imprisonment claim against Sheriff Wilcher also fails, no matter how liberally the Court construes Chisholm's allegations. In addition to the substantive elements, § 1983 claims require an allegation of a causal connection between a defendant's acts or omissions and the alleged constitutional deprivation. *See Zalter v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986). Such claims cannot be based upon theories of *respondeat superior* or vicarious liability. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981); *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 691 (1978); *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990). Chisholm's Complaint does not include *any* allegation connecting Sheriff Wilcher to his allegedly tortious arrest and confinement beyond merely listing his name on the case caption. That's not enough to state a claim. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

5

statements, do not suffice" to state a claim upon which relief can be granted). The false imprisonment claim against Sheriff Wilcher should therefore be **DISMISSED**.

## III. CONCLUSION

In sum, Chisholm's Complaint should be **DISMISSED** for failure to state a claim upon which relief can be granted.[3] Meanwhile, it is time for plaintiff to pay his filing fee. His PLRA paperwork reflects $0 in average monthly deposits over the six month period prior to the date of his Prison Account Statement. Doc. 5. He therefore owes no initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Plaintiff's custodian (or designee) shall therefore set aside 20 percent of all future deposits to his account, then forward those funds to the Clerk each time the set aside

---

[3] Although the Court sees no apparent basis upon which the deficient claims could be amended, plaintiff's opportunity to object to this R&R within 14 days affords him an opportunity to resuscitate them. He may submit an Amended Complaint during that period if he believes it would cure the legal defects discussed above. *See Willis v. Darden*, 2012 WL 170163, at * 2 n.3 (S.D. Ga. Jan. 19, 2012) (citing *Smith v. Stanley*, 2011 WL 1114503, at * 1 (W.D. Mich. Jan. 19, 2011)). To state a claim, however, plaintiff must be able to both plead the requisite elements of a § 1983 claim *and* identify a defendant who is not immune from suit.

amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.[4]

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of

---

[4] The Clerk is **DIRECTED** to send this Order to plaintiff's account custodian immediately, as this payment directive is nondispositive within the meaning of Fed. R. Civ. P. 72(a), so no Rule 72(b) adoption is required. In the event he is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from plaintiff shall be collected by the custodian at his next institution in accordance with the terms of the payment directive portion of this Order.

rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 19th day of April, 2019.

*/s/ Christopher L. Ray*
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA